MIZE, APPELLANT, *v.* MIZE, APPELLEE.

[Cite as Mize v. Mize, 1 Ohio App. 2d 363.]

(No. 5547—Decided December 23, 1964.)

*Mr. Bernard R. Roetzel,* for appellant.
*Messrs. Germano, Rondy & Ciccolini,* for appellee.

HUNSICKER, P. J.  Appellee, Victor Mize, by motion, asks this court to strike from the records all pleadings filed in the original action "that were filed after the notice of appeal was filed by the plaintiff-appellant." He also asks that the appeal be dismissed.

In our consideration of the motion, as filed by Victor Mize, it is not necessary to consider the first branch thereof, wherein a request to strike pleadings is made. The conclusion we must reach on the second branch of the motion will effectively dispose of the matter raised by counsel for Mr. Mize.

On July 1, 1964, the Court of Common Pleas entered the judgment from which an appeal was taken on August 11, 1964, by the filing on that date of a notice of appeal. It is asserted that the filing of the notice of appeal forty-one days after the entry of judgment is proper because the Court of Common Pleas granted, on August 11, 1964, pursuant to Section 2505.07 (C), Revised Code, an extension of time within which to file the notice required by other provisions of that statute.

Section 2505.07, Revised Code, in subparagraph "C" says:

"In case of the insanity or death of a party after judgment, the court may extend the time for filing the appeal, an additional twenty days."

The jurisdiction of the Court of Appeals to consider an appeal on questions of law, or on questions of law and fact, in the ordinary civil case, ceases after the expiration of twenty days. See: 3 Ohio Jurisprudence 2d 132, Appellate Review, Section 254, and authorities there cited.

It is claimed here that by reason of the insanity of the appellant (which the transcript of original papers discloses to have occurred prior to the entry of the judgment of July 1, 1964), the trial court could, even beyond the first twenty days after the entry of such judgment, grant twenty days within which to file a notice of appeal. We do not so construe this statute (Section 2505.07 (C), Revised Code). We believe before a valid order of extension can be made that: first, the insanity of a party must arise after the filing of the judgment from which the appeal is taken; second, the application to extend the time to file the notice of appeal must be made within twenty days after the filing of the journal entry with the clerk for journalization; and, third, the notice of appeal must be filed on or before the expiration of such extended period of time, that is, within forty days of the time when the journal entry of judgment was filed with the clerk of courts for journalization.

In the instant case, the rule above stated was violated in two particulars. First, application for extension was not made within twenty days after the entry of judgment of July first; and, second, a notice of appeal was not filed within a properly extended period but was filed on the forty-first day after the judgment entry of July first.

The appeal, therefore, must be dismissed.

*Appeal dismissed.*

Doyle and France, JJ., concur.

France, J., of the Seventh Appellate District, sitting by designation in the Ninth Appellate District.